IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Christopher H. Willis, | ) | C/A No.: 3:12-cv-934-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| United States Automobile Association | ) | |
| a/k/a USAA and USAA Casualty | ) | |
| Insurance Co., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the court on Defendants' Motion to Stay. (ECF No. 12). Plaintiff asserts that a stay will prejudice him. I think that the court should grant this motion for the reasons that follow.

**I.     Factual and Procedural History**

This suit arises from an automobile accident between the Plaintiff, Christopher Willis, and a non-party, Genetha Baines, that occurred on June 21, 2008. Willis, who was injured, made a claim with Baines' liability insurer and eventually recovered Baines' liability limits. Because he believed his recoverable damages exceeded Baines' liability limits, Willis also made a claim with United States Automobile Association and USAA Casualty Insurance Co. (collectively, "USAA") for underinsured motorist (UIM) benefits. The suit against Baines and USAA was severed in state court, with the case against Baines remaining in state court and the case against USAA being removed to federal court.

In this case, the Plaintiff, Christopher Willis, seeks to recover damages from USAA based on a number of causes of action, including the following: breach of contract, bad faith, violation of the South Carolina Unfair Trade Practices Act, violation of the South Carolina

1

Insurance Trade Practices Act, fraud, negligent misrepresentation, and negligence. USAA asks this court to stay this case until the case against Baines is resolved in state court. Willis opposes the motion and asserts that a stay will prejudice him.

## II.     Legal Standard

This Court's power to stay is well established. It is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

## III.    Analysis

The South Carolina Supreme Court has "held that before an insured can bring an action *ex contractu* against his carrier for uninsured benefits, a judgment must first be obtained against the uninsured driver." *Myers v. State Farm Mut. Ins. Co.*, 950 F. Supp. 148, 150 (D.S.C. 1997). As such, at least one of the claims against the Defendants—the breach of contract claim—will not arise until after the Plaintiff gets a judgment against Baines in the state court action. In the interest of judicial economy, this case should be stayed until the state court case is resolved.

Willis argues that this case should not be stayed until the suit against the underinsured motorist is complete, summarily arguing that "a stay of this case would reduce judicial economy and greatly increase the cost of discovery, as well as seriously and unfairly prejudicing the Plaintiff." (ECF No. 14). Willis contends that if there are issues with the timing of discovery or the requests for disclosure, the court may handle those matters by way of a discovery and a scheduling order.

This court disagrees with Plaintiff's arguments and finds that because this case depends, in part, on the pending state case, a stay is appropriate in this case.

**IV.     Conclusion**

Accordingly, this case is hereby stayed until the underlying South Carolina state court case is concluded. The parties are directed to file a joint progress report with this court every three months to apprise the court of the status of the underlying state case.

IT IS SO ORDERED.

February 6, 2013                                        Joseph F. Anderson, Jr.
Columbia, South Carolina                                United States District Judge

3